IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DARIN G. GALLOW<br>2036 Southern Oaks Drive<br>Maryville, Tennessee 37801<br><br>SAYEED A. RASHID<br>3309 Arthur Walker Road<br>Maryville, Tennessee 37803,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF ALCOA<br>223 Associates Boulevard<br>Alcoa, Tennessee 37701-1943,<br><br>    Defendant. | NO. _____ |

## COMPLAINT

The Plaintiffs, Darin G. Gallow ("Officer Gallow") and Sayeed A. Rashid ("Officer Rashid") bring this civil action against the Defendant, the City of Alcoa (sometimes referred to as "Alcoa") for damages due to the unlawful discrimination of the Defendant against Officers Gallow and Rashid. For their cause of action, Officer Gallow and Officer Rashid respectfully state to the Court as follows:

1. Officer Gallow is a citizen and resident of the State of Tennessee and his address is shown above in the caption to this Complaint.

2. Officer Rashid is a citizen and resident of the State of Tennessee and his address is shown above in the caption to this Complaint.

-1-

3. Alcoa is a municipal corporation organized and existing under the laws of Tennessee, with its principal offices located in Alcoa, Blount County, Tennessee at the address shown above in the caption of this Complaint.

4. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 which provides for such jurisdiction for civil actions arising under the laws of the United States. Specifically, this action arises from the Defendant's wrongful discrimination against Officers Gallow and Rashid under 42 U.S.C. § 1981 and the Civil Rights Act of 1966 as amended by the Civil Rights Act of 1991. The Court also has pendent jurisdiction over certain state law claims which are factually related to the afore-referenced violations of Federal Law and are incident to the Plaintiffs' federal claims.

5. Venue is proper in this District Court pursuant to the terms of 28 U.S.C. § 1391(b).

6. The Defendant is the employer of Officer Gallow and Officer Rashid and regularly maintains more than eight employees.

7. Officer Gallow is employed with the Alcoa City Police Department as a Field Training Officer ("FTO"). Officer Gallow is African-American.

8. Officer Gallow was hired by the Alcoa City Police Department on or about July 1, 1998.

9. Officer Rashid is employed with the City of Alcoa Police Department as an FTO. Officer Rashid is African-American.

10. Officer Rashid was hired by the Alcoa City Police Department on or about July 1, 1998.

11. The City of Alcoa Police Department has unlawfully discriminated against Officer Gallow on the basis of his race and color and with regard to the benefits, privileges, terms and conditions of his employment.

12. The City of Alcoa Police Department has unlawfully discriminated against Officer Rashid on the basis of his race and color and with regard to the benefits, privileges, terms and conditions of his employment.

13. More specifically, the City of Alcoa Police Department wrongfully discriminated against Officer Gallow by denying him a promotion to Sergeant in favor of an unqualified White officer.

14. The City of Alcoa Police Department discriminated against Officer Rashid by wrongfully preventing him from seeking a promotion to Sergeant on the basis of a false disciplinary charge brought against him on account of his race and color.

15. At all times material, Officer Gallow was a member of a protected class, African-American.

16. At all times material, Officer Gallow performed his job satisfactorily and possessed all of the qualifications for promotion to Sergeant.

17. Officer Gallow was subjected to an adverse employment action, when the City of Alcoa Police Department discriminated against him because of his race and color and denied him promotion to Sergeant while promoting above him an unqualified White officer.

18. At all times material, Officer Rashid was a member of a protected class, African-American.

19. At all times material, Officer Rashid performed his job satisfactorily and was qualified for the position of Sergeant.

20. Officer Rashid suffered an adverse employment action in that the City of Alcoa Police Department, with discriminatory intent, falsely charged him with a disciplinary action and then used that false charge to disqualify him from seeking the promotion to Sergeant.

21. Officer Gallow has been subjected to unlawful racial harassment both severe and pervasive in nature.

22. Officer Rashid has been subjected to unlawful racial harassment both severe and pervasive in nature.

23. In addition to being unlawfully discriminated against with regard to the denial of promotion to Sergeant, Officer Gallow suffered retaliation at the hands of the City of Alcoa Police Department as a result of his questioning the fundamental fairness of the promotion process and the fact that the City of Alcoa Police Department discriminated against African-American officers by promoting lesser qualified or unqualified White officers over African-American officers and by manipulating the rules governing promotions so as to allow unqualified White officers to obtain the promotions while unlawfully blocking qualified African-American officers from advancement.

24. In addition to being unlawfully discriminated against with regard to the denial of promotion to Sergeant, Officer Rashid suffered retaliation at the hands of the City of Alcoa Police Department as a result of his questioning the fundamental fairness of the promotion process and the fact that the City of Alcoa Police Department discriminated against African-American officers by promoting lesser qualified or

unqualified White officers over African-American officers and by manipulating the rules governing promotions so as to allow unqualified White officers to obtain the promotions while unlawfully blocking qualified African-American officers from advancement.

25. The wrongful discrimination of the Alcoa Police Department against African-American officers, and in particular Officers Gallow and Rashid, represents a continuing pattern and practice of unlawful discrimination because of race and color.

26. On or about May 15, 2004, Officer Gallow suffered unlawful discrimination based on race and color when a White officer, unqualified for the position, was promoted to Sergeant over Officer Gallow, who was objectively the qualified officer.

27. In April of 2004, Officer Rashid suffered illegal discrimination on account of race and color when he was excluded from the opportunity to seek a promotion from FTO to Sergeant. In April of 2004, the City of Alcoa Police Department, through its agents, falsely told Officer Rashid that he was disqualified from seeking promotion to Sergeant because he purportedly had suffered disciplinary action within the most recent calendar year.

28. During that same time period, the City of Alcoa Police Department allowed White officers who had been the subject of proper disciplinary action within the preceding calendar year to seek promotion to Sergeant and in one instance granted the unqualified White officer the promotion.

29. On or about May 15, 2004, Officer Rashid suffered unlawful discrimination based on race and color when a White officer, unqualified for the position, was promoted to Sergeant over Officer Rashid, who absent the false disciplinary charge

used against him in April and May, 2004, would have been objectively qualified for the position.

30. The City of Alcoa Police Department maintained in the year 2004, and in prior years, in its policies and procedures a rule to the effect that an officer could have no adverse disciplinary actions during the 12 month period preceding the time an officer sought a promotion.

31. In 2004 and in preceding years, however, the City of Alcoa Police Department selectively invoked the rule requiring an officer seeking promotion to be free of disciplinary actions for a 12 month period (and policies, procedures and rules) so as to discriminate against officers on the basis of race and color and to allow lesser or unqualified White officers to seek and obtain promotions over the African-American officers.

32. In or near April of 2003, Officer Rashid became aware that he suffered from a condition involving his skin diagnosed as Pseudofolliculitis Barbae, a medically-recognized skin condition occurring in statistically significant numbers of instances within the male African-American population which makes shaving painful and unhealthful. The City of Alcoa Police Department resisted Officer Rashid's reasonable requests for a medical waiver of the rule requiring officers to be clean shaven. Eventually and begrudgingly, a medical waiver was granted when it was clear from the medical documentation that the request was objectively reasonable.

33. In September of 2002, Officer Rashid was called to duty on a domestic relations matter. In answering the call, Officer Rashid was required to exert force on the subject of the investigation. The force was appropriate in all respects and was

measured in order to properly provide for the safety of all concerned while minimizing any harm to the subject.

34. Initially, after the domestic relations call of September, 2002, the City of Alcoa Police Department determined that Officer Rashid had acted properly and professionally in every way.

35. Approximately six to nine months after the event of September 22, 2002, when Officer Rashid responded to the domestic relations call and after he had sought and begrudgingly obtained the medical waiver required due to the Pseudofolliculitis Barbae, the incident was inexplicably re-investigated and it was alleged by members of the City of Alcoa Police Department that he had used excessive force.

36. The re-investigation of the domestic relations call of September 22 was wrongful discrimination because of race and color. It was motivated by racial animus and hatred. Its purpose was to disqualify Officer Rashid from advancement within the City of Alcoa Police Department and resulted in an adverse job action to Officer Rashid in April, 2004 on May 15, 2004 when he was illegally denied the right to seek a promotion to Sergeant.

37. The White officer who received the promotion to Sergeant on or about May 15, 2004, had been the subject of a legitimate disciplinary action within the year prior to his promotion.

38. Notwithstanding the fact that the White officer who received the promotion to Sergeant had been the subject of a legitimate disciplinary action, the City of Alcoa ignored the rule in his case in order to unlawfully discriminate against Officers Rashid and Gallow because of race and color.

39. If it had been determined that the White officer was disqualified, Officer Gallow would have received the promotion to Sergeant.

40. Officer Gallow was the top candidate in terms of interview scores and written test scores who had not been subject to a disciplinary action within the calendar year preceding the promotion.

41. The City of Alcoa is guilty of violations of 42 U.S.C. § 1981 and the Civil Rights Act of 1966, as amended by the Civil Rights Act of 1991 in that it has intentionally discriminated against Officers Gallow and Rashid in their employment and with regard to the benefits, privileges, terms and conditions of their employment.

42. The City of Alcoa is guilty of violations of the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401, et seq. in that it has intentionally discriminated against Officers Gallow and Rashid with respect to their compensation and the terms and conditions and privileges of their employment because of their race and color.

43. The City of Alcoa negligently and intentionally inflicted emotional distress upon Officer Gallow and conducted itself in such a way as to be seen objectively as outrageous, which has resulted in pain and suffering, humiliation and emotional distress and all of which was brought about by the intentional racial discrimination and racial animus of the Defendant.

44. The City of Alcoa negligently and intentionally inflicted emotional distress upon Officer Rashid and conducted itself in such a way as to be seen objectively as outrageous, which has resulted in pain and suffering, humiliation and emotional distress and all of which was brought about by the intentional racial discrimination and racial animus of the Defendant.

45. As a direct and proximate result of each and every of the foregoing wrongful, negligent and intentional acts of Alcoa as alleged herein, Officer Gallow has suffered damages in an amount to be determined according to the proof, including but not limited to, loss of promotion, employment opportunity, advancement, emotional distress, embarrassment, humiliation, substantial losses incurred for the loss of past, present and future earnings, bonuses and employment benefits and other incidental and consequential damages, costs and expenses.

46. As a direct and proximate result of each and every of the foregoing wrongful and intentional acts of Alcoa as alleged herein, Officer Rashid has suffered damages in an amount to be determined according to the proof, including but not limited to, loss of opportunity to seek promotion, loss of promotion, employment opportunity, advancement, emotional distress, embarrassment, humiliation, substantial losses incurred for the loss of past, present and future earnings, bonuses and employment benefits and other incidental and consequential damages, costs and expenses.

47. Upon information and belief, the wrongful and discriminatory acts of the Defendant as alleged herein are in violation of 42 U.S.C. § 1981 and the Civil Rights Act of 1966, as amended by the Civil Rights Act of 1991, and were willful and/or were done with knowing and reckless disregard of the proscriptions against racial discrimination contained in those Federal Laws. Officer Gallow is, therefore, entitled to and seeks an award of punitive damages in an amount to be determined according to the proof under the above-referenced laws and under the Tennessee Human Rights Act, to the extent available.

48. Upon information and belief, the wrongful and discriminatory acts of the Defendant as alleged herein are in violation of 42 U.S.C. § 1981 and the Civil Rights Act of 1966, as amended by the Civil Rights Act of 1991 and were willful and/or were done with knowing and reckless disregard of the proscriptions against discriminations of those Federal Laws. Officer Rashid is, therefore, entitled to and seeks an award of liquidated damages in an amount according to proof under the above-referenced laws and under the Tennessee Human Rights Act, to the extent available.

49. Officers Gallow and Rashid aver further that they are entitled to and seek recovery of their reasonable attorney fees and costs pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1988, the Civil Rights Attorney Fees Award Act of 1976, <u>Tenn. Code Ann.</u> § 4-21-306(a)(7) and any other applicable statutory provision granting such remedy.

50. Officers Gallow and Rashid have no plain, adequate or complete remedy at law to redress the wrongs alleged and as a result of which they are now suffering and will continue to suffer irreparable injury from their treatment by the Defendant and its agents unless the Defendant is enjoined from further violations of 42 U.S.C. § 1981 and the Civil Rights Act of 1966, as amended by the Civil Rights Act of 1991 and the Tennessee Human Rights Act.

**WHEREFORE**, Officers Gallow and Rashid respectfully request the following:

1. That this Honorable Court assume jurisdiction.

2. That a permanent injunction be issued enjoining the Defendant and its agents from engaging in any further illegal and unlawful policies and practices as described herein.

3. That the Plaintiffs be provided the promotions they sought (if feasible) or a position comparable to the positions they sought and for which they were qualified but unlawfully excluded from due to racial discrimination.

4. That Officers Gallow and Rashid be awarded damages for all harm as alleged herein, including but not limited to, damages for emotional distress, all pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-economic losses, lost or diminished wages and fringe benefits, all according to the proof submitted at the trial of this civil action.

5. That Officers Gallow and Rashid be awarded punitive damages in an amount supported by and appropriate under the proof submitted at the trial of this civil action.

6. That Officers Gallow and Rashid further be awarded their reasonable attorney fees and costs.

7. That Officers Gallow and Rashid be afforded such other and further general and equitable relief as the Court deems just and proper.

8. Further, both Officers Gallow and Rashid respectfully request that this civil action be tried to a jury of six good and true men and women.

Respectfully submitted this 8th day of March, 2005.

                LAW OFFICE OF JAY E. KOHLBUSCH

                *Jay E. Kohlbusch /s/ jsc*
                Jay E. Kohlbusch, BPR #012690
                Attorney for Plaintiffs
                238 S. Peters Road
                Building A, Suite 101
                Knoxville, TN 37923
                (865) 862-0284


                BURROUGHS COLLINS & JABALEY, PLC

                *John Steven Collins*
                J. Steven Collins, BPR #012030
                Attorney for Plaintiffs
                P. O. Box 551
                Knoxville, TN 37901-0551
                (865) 342-1040