IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


DARIN G. GALLOW )
SAYEED A. RASHID )
 )
    Plaintiffs, )
 )
v. ) No. 3:05-cv-123
 )
CITY OF ALCOA )
 )
    Defendant. )


## MEMORANDUM OPINION

       This civil action is before the court on the defendant's motion for summary judgment as to plaintiff Sayeed A. Rashid [doc. 15]. Plaintiff Rashid has not responded within the time allowed, and the motion is ripe for the court's consideration. For the reasons discussed below, plaintiff Rashid will be ordered to show cause why the defendant's motion for summary judgment should not be granted.

       Under Rule 56 of the Federal Rules of Civil Procedure, a motion for summary judgment may be granted, "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." If an adverse party does not respond,

summary judgment may be granted "if appropriate." Summary judgment cannot be granted simply because the adverse party has not responded. *See Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). "The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his initial] burden." *Id.* (quoting *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991)). The moving party always has the burden of demonstrating the absence of a genuine issue of material fact, regardless if an adverse party fails to respond. *Carver*, 946 F.2d at 454-55. The defendant meets this burden if he shows that there is an absence of evidence to support the plaintiffs' case. *See Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). The defendant may challenge the sufficiency of the plaintiffs' allegations, or present evidence that refutes the allegations. *Id.*

The defendant's motion for summary judgment raises the issue of judicial estoppel.

> The doctrine of judicial estoppel bars a party from asserting a position that is contrary to one the party has asserted under oath in a prior proceeding, whether the prior court adopted the contrary position "either as a preliminary matter or as part of a final disposition." . . . [It] should be applied with caution to "avoid impinging on the truth-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of either statement."

*Eubanks v. CBSK Fin. Group, Inc.*, 385 F.3d 894, 897 (6th Cir. 2004) (quoting *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990)). In

determining whether judicial estoppel should apply, the court should consider reasons of mistake and inadvertence, as well as absence of bad faith. *Id.* at 895.

On April 13, 2004, plaintiff Rashid, with the aid of an attorney, filed a voluntary petition for bankruptcy under Chapter 13 and signed it under penalty of perjury. He listed a contingent cause of action against the City of Alcoa for workers compensation, but did not list any contingent discrimination claim.

On May 10, 2004, while his bankruptcy petition was pending, the plaintiff filed a charge of discrimination with the Tennessee Human Rights Commission. The plaintiff, a City of Alcoa police officer, alleged that on April 23, 2004, he was denied an opportunity to test for a promotion. Although he was told it was because of an earlier disciplinary action, the plaintiff claimed that he was denied the opportunity because of his race (Black) and because of his age (46 years old). He further alleged retaliation because of a skin disorder. The plaintiff received a right-to-sue letter on July 22, 2005, and this civil action was filed on March 9, 2005. An amended complaint was filed on September 28, 2005.

The plaintiff's bankruptcy plan was submitted to the bankruptcy court, and an order confirming the plan was entered on July 9, 2004. The plan was for a term of 60 months. It was modified several times, and on January 23, 2006, the plaintiff's schedule B was amended to add the discrimination claim.

The defendant argues that the plaintiff was obligated to disclose all of his assets to the bankruptcy court, including his discrimination claim, and that

3

this obligation was a continuing one.  See 11 U.S.C. § 521(a)(1); *Browning Mfg. v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 197 (5th Cir. 1999).  First, the defendant argues that the plaintiff knew of the existence of his claims before filing his bankruptcy case.  The court disagrees with this argument.  The gravamen of the plaintiff's complaint is that he was denied the opportunity to test for a promotion on April 23, 2004.  This occurred after his bankruptcy case was filed, although the defendant's reason (the disciplinary action) occurred sometime in 2003.[1]  It is reasonable to infer that if the defendant had not denied the plaintiff the opportunity to test for the promotion, the effect of the disciplinary action would have remained dormant.  Thus, the court finds that the basis for the charge of discrimination arose after the plaintiff filed his bankruptcy claims.

The defendant is correct, however, that the plaintiff had a continuing obligation to amend his bankruptcy petition to reflect his potential discrimination claim against his employer.  This he did not do until well after the plan was confirmed.  Further, the plaintiff was aware of an obligation to disclose such contingent claims because he listed the potential workers compensation claim on his bankruptcy schedules.

The plaintiff's lack of response has made this a difficult issue for the court.  Once a defendant demonstrates that a finding of judicial estoppel is

---

[1] The amended complaint connects the accommodation for the plaintiff's skin disease to the disciplinary action, also.

supported by the record, a plaintiff must come forward and show why the doctrine should not apply under the facts of the case. While a failure to amend bankruptcy documents may be sufficient for a finding of judicial estoppel, the court cannot determine whether the plaintiff's failure to timely amend his bankruptcy schedules to reflect his discrimination claims was inadvertent or a mistake. *Eubanks*, 385 F.3d at 898. Furthermore, the court declines to presume that the plaintiff intended to mislead or deceive the bankruptcy court based on the failure to timely amend his schedule B. *See Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 364 (3d Cir. 1996).

Therefore, given the caution that the court is required to apply before dismissing a civil action based on the doctrine of judicial estoppel, the court will order the plaintiff to show cause why the defendant's motion should not be granted. An order reflecting this opinion will be entered.

ENTER:

*s/ Leon Jordan*
United States District Judge